IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02405-BNB

ROY MELANSON,

    Plaintiff,

v.

LT. T. SWINDLER,

    Defendant.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiff, Roy Melanson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fort Lyon, Colorado, correctional facility. He filed *pro se* a civil rights complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).

Mr. Melanson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Melanson is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28

U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Melanson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Mr. Melanson alleges that Lt. T. Swindler called another inmate, Joshua C. Maes, into his office and told him lies about Mr. Melanson, knowing that Mr. Melanson was serving as a witness in *Maes v. Swindler*, No. 09-cv-01802-ZLW (D. Colo. Oct. 21, 2009). Mr. Melanson also alleges that Lt. Swindler verbally harassed and degraded him, and threatened to "get" him. Complaint at 5. On the basis of these allegations, he contends that he has been subjected to cruel and unusual punishment and denied equal protection.

The Court notes that No. 09-cv-01802-ZLW was dismissed on October 21, 2009, without prejudice for Mr. Maes failure either to pay the $2.00 initial partial filing fee or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The Court also notes that nothing Mr. Melanson asserts against Lt. Swindler rises to the level of a constitutional deprivation. A plaintiff alleging a violation of 42 U.S.C. § 1983 must demonstrate that he has been deprived of a right secured by the Constitution and the laws of the United States, and that the defendant deprived him of this right while acting under color of state law. *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008). Even though Mr. Melanson alleges that Lt. Swindler told lies about him, verbally harassed and degraded him, and made threats against him, verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this 15 day of December, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02405-BNB

Roy Melanson
Prisoner No. 117654
Fort Lyon Corr. Facility
P.O. Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/15/09

                                   GREGORY C. LANGHAM, CLERK

                              By: _____
                                              Deputy Clerk